# EXHIBIT 1

Filed
D.C. Superior Court
09/21/2022 09:20AM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **DISTRICT OF COLUMBIA**<br>a municipal corporation<br>400 6th Street, N.W., 10th Floor<br>Washington, D.C. 20001,<br><br>        **PLAINTIFF,**<br><br>  v.<br><br>**JTH TAX LLC, f/k/a JTH TAX, INC d/b/a**<br>**LIBERTY TAX SERVICE**<br>2387 Liberty Way<br>Virginia Beach, VA 23456<br><br>        **DEFENDANT**. | Case No.:<br>Judge:<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR VIOLATIONS OF THE
## <u>CONSUMER PROTECTION PROCEDURES ACT</u>

Plaintiff District of Columbia (the "District"), through the Office of Attorney General,

brings this action against Defendant JTH Tax LLC, formerly known as JTH Tax, Inc., doing

business as Liberty Tax Service ("Liberty Tax"), which offers tax preparation services to

consumers throughout the United States, including in the District of Columbia. The District

seeks to hold Liberty Tax accountable for misleading District tax-filers—especially low-income

tax-filers—with deceptive offers of upfront cash that are secretly offset by the extra charges that

Liberty Tax instructs it franchisees to charge to the tax filers who receive the cash.

"Cash in a Flash" ("CIF") is a $50 cash perk 'just for filing,' that Liberty Tax deploys to

entice consumers to use its tax preparation services. Yet, this upfront cash does not actually

provide *any true benefit* to most consumers because Liberty Tax raises the cost of tax preparation

for these consumers—rendering Liberty Tax's statements about CIF false and misleading.

Liberty Tax fails to disclose that consumers who take advantage of this cash payment end up paying significantly more for their tax preparation service than consumers who do not receive it. Indeed, some CIF recipients end up paying up to $200 more for their tax preparation services than non-CIF recipients, even when controlling for the types of forms that the preparer uses to complete the consumer's taxes.

This deceptive tactic targets and negatively impacts the District's most vulnerable residents, as many of Liberty Tax's customers, particularly the early filers who receive CIF, have lower incomes. And this practice was no accident, as Liberty Tax *expressly directed* its franchisees, through written instructions, to raise prices for consumers who receive CIF.

Liberty Tax's deceptive and unfair conduct violates the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901, *et seq.* At this time of increased financial strains on low-income consumers, the District brings this case to permanently enjoin Liberty Tax from engaging in activities that violate the CPPA; to obtain restitution for District consumers and civil penalties as permitted by statute; and to recover the District's fees and costs. In support of its claims, the District states as follows:

## JURISDICTION AND PARTIES

1.      This Court has jurisdiction over the subject matter of this case pursuant to D.C. Code §§ 11-921 and 28-3909.

2.      This Court has personal jurisdiction over Defendant Liberty Tax pursuant to D.C. Code § 13-423(a). Liberty Tax has offered, advertised, and provided tax preparation services to District residents, through various franchise locations since at least 2010.

3.      Plaintiff District of Columbia, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government

of the United States. The District is represented by and through its chief legal officer, the

Attorney General for the District of Columbia. The Attorney General has general charge and

conduct of all legal business of the District and all suits initiated by and against the District and

is responsible for upholding the public interest. D.C. Code § 1-301.81(a)(1). The Attorney

General is specifically authorized to enforce the District's consumer protection laws, including

the CPPA, pursuant to D.C. Code § 28-3909.

4.      Liberty Tax is a Delaware limited liability company. Each of Liberty's members

are domiciled in Canada.

5.      Liberty Tax is one of the largest institutional tax preparation service providers in

the United States. It operates through franchisees that provide individual tax preparation services

to consumers.

## FACTUAL ALLEGATIONS

## I.   Liberty Tax Operates Through Franchisees, Over Which It Exercises Substantial Control.

6.      Liberty Tax offers tax preparation to consumers through franchisees, which run

individual brick-and-mortar tax preparation stores. Liberty Tax has generally had between four

and six franchise locations in the District each year since 2010.

7.      Liberty Tax currently has four such locations in the District, located at: 1002 H

Street NE (Ward 6); 1629 Benning Rd NE (Ward 7); 3905 Benning Rd. NE (Ward 7); and 3127

MLK Jr. Ave, SE. (Ward 8).

8.      Liberty Tax exerts significant control over its franchisees' operations. For

instance:

    a.   Franchisees must use the Liberty Tax software when preparing tax returns. This

         software fails to provide franchisees with a complete picture of the charges

3

assessed by Liberty Tax to customers for third-party products. This information is held exclusively by Liberty Tax.

b.  Franchisees file returns electronically through Liberty Tax.

c.  Franchisees and their employees are required to take numerous trainings from Liberty Tax on how to run the business and how to provide tax preparation services.

d.  Franchisees must use advertising material supplied by Liberty Tax, or have their own materials approved by Liberty Tax. Franchisees are not allowed to have their own websites.

e.  Franchisee offices must be configured, operated, and equipped in accordance with directions and specifications from Liberty Tax.

f.  Franchisees must exclusively offer third-party financial products and credit cards with providers that Liberty Tax designates, and on terms agreed to between Liberty Tax and the third-party.

g.  Franchisees must adhere to customer service policies established by Liberty Tax.

h.  Each tax return completed by a franchisee is transmitted electronically to Liberty Tax.

i.  Liberty Tax provides its franchisees with a Master Billing Schedule that includes prices for each form that a preparer should use.

j.  Liberty owns the franchisees' client lists and files.

9.      Liberty has the right to terminate Franchise Agreements without notice or opportunity to cure in the event of various alleged breaches, including failing to timely open or

to continue active operations for three days during any tax season and failing to open tax office by January 2.

10.     More fundamentally, Liberty Tax maintains control over the disbursement of federal tax refunds and the distribution of fees charged to Liberty Tax customers. Liberty Tax first uses these funds to pay itself for any fees or revenue that it believes it is owed under its agreements with the franchisees.

11.     Liberty Tax generally realizes a greater portion of the net revenue received by the District franchisee storefronts than the franchisees themselves.

12.     In sum, the fundamentals of how franchisees conduct their businesses, including their marketing and advertising, and how the funds flow to the participants in the business, is set by Liberty Tax. Franchisees that fail to comply with Liberty Tax's guidelines risk having Liberty Tax revoke their franchise and even face suit by Liberty for damages.

**II.     Liberty Tax Advertises CIF as a "Perk" with No Downside.**

13.     Cash in a Flash is a trademark owned and promoted by Liberty Tax.

14.     Liberty Tax aggressively promotes CIF as a "perk" available to any consumer who files their returns with Liberty Tax in early tax filing season (before the end of February).

15.     Primarily during early tax filing season, Liberty Tax's website, www.libertytax.com, entices consumers with the promise of an immediate handout of $50 cash:



*Downloaded from libertytax.com on May 17, 2021.*

16.     Liberty Tax similarly promotes CIF on YouTube, with some videos showing people holding up $50, and inviting consumers to, "Come and get your $50!" Others show an energetic sign-waver outside of a Liberty Tax location with a placard that reads, "Get $50 now."

17.     Liberty Tax also uses CIF to encourage "walk-in traffic." Liberty Tax locations are known for their on-the-street promotions, including costumed Statue of Liberty sign-wavers who promote CIF:



*Downloaded from https://www.flickr.com/photos/chris_dunn/5372421991 on May 24, 2021.*

6

18.     In 2017, one District franchisee employed twice the number of sign wavers as tax preparers.

### III.   Liberty Tax Directs its Franchisees to Aggressively Market CIF.

19.     Liberty Tax supplies the marketing materials that it instructs its franchisees to use in promoting CIF.

20.     Liberty Tax directs its franchisees to follow a set monthly calendar to order CIF marketing materials, post those material in their offices, and remove them from their sites:



Cash-in-a-Flash provides a great incentive for walk-in traffic. Customers receive $50 when they have paid tax preparation at a Liberty Tax or SiempreTax+ office. Cash-in-a-Flash has been a successful promotion in the Liberty system.
* **October-November:** Order marketing materials.
* **December:** Post marketing materials in office.
* **Mid-February:** Remove marketing materials at program end.

21.     Liberty Tax requires franchisees to pass out coupons to prospective customers and requires some franchisees to purchase neon CIF signs for the windows of their Liberty Tax offices.

22.     Liberty Tax encourages its franchisees to promote CIF through social media, texts, emails, and postcards.

23.     Liberty Tax also directs its franchisees to use a daily marketing calendar with specific dates that franchisees should send particular CIF promotions.

24.     Liberty Tax encourages the use of CIF by providing short-term loans to its franchisees to fund CIF handouts. These loans or lines of credit to District franchisees have been in amounts of up to $49,400.

25.     Liberty Tax encourages its franchisees to make a spectacle of the CIF handouts. Liberty Tax's employee training manual instructs franchisees to start the tax preparation process by putting a $50 bill on the preparer's desk. Once the client commits to the tax preparation services, Liberty Tax's employee training manual further instructs franchisees to "WHOOP and HOLLER in the office, Use hand clappers, and say 'WOO HOO.'"

**IV.     Liberty Directs Its Franchisees to Increase the Fees They Charge to CIF Customers.**

26.     Liberty Tax instructed its franchisees to raise the prices that it charges to CIF recipients.

27.     Liberty Tax increases the prices that it charges to all customers during peak filing season through what they call the Pricing Curve. This Pricing Curve period overlaps with the period during which CIF is available to consumers.

28.     Liberty Tax's instructions in its 2020 operations manual explicitly directed its franchisees to raise the prices *above* the Pricing Curve for those consumers who receive CIF. In other words, Liberty Tax requires its franchises to charge more to CIF recipients than to consumers who did not receive CIF. These price increases went beyond making the franchisee whole for its outlay of the $50 in cash—which alone would be deceptive—but exceeded the $50 cash payments given to the customers. As explained in the manual:

> Question: How do I account for whether or not I'm using the Pricing Curve when I set my prices for Cash in a Flash (CIF)?
>
> Impact of Pricing Curve on Cash in a Flash (CIF)
>
> During periods when Cash in a Flash is offered, CIF offices raise the fees they charge for forms 1040, 1040A and 1040 EZ **by $55-$60** to offset the payout given

to the clients, In order to achieve this effect, CIF offices will need to set up different price lists, whether or not they eliminated the impact of the Pricing Curve tool.

CIF offices using the Pricing Curve:

Because CIF is offered during two different discount periods, CIF offices will need to apply different increase amount to their 1040, 1040A and 1040 EZ prices to compensate for CIF payouts in the two different timeframes:

• During the pre-peak (85%, discount) timeframe, 1040 series prices should be **raised by $65 - $71** in order to achieve the desired net increase of $55 - $60 ($55/85% = $65, and $60/85% = $71).

• During the peak (100%, no discount) timeframe, the 1040 series prices should be raised by **$55 - $60**. Begin using this price list when the office begins charging peak prices in first peak (i.e., on the date that the Entity's pricing curve goes to 100% for the first time).

(emphases added).

29.     In short, Liberty instructs its franchisees to deprive CIF recipients of both any pre-peak discounts they would have received, as well as the 'benefit' of the $50 upfront cash.

30.     Liberty Tax has provided the same general guidelines to its franchisees on increasing fees for CIF recipients since at least 2010. In that year it sent an email to its franchisees directing them to "raise your fees to make room for CIF."

31.     Similarly, Liberty Tax's "Cash in a Flash Tax Season 2010" instructions directed: "Adjust the amount charged for the 1040, 1040A and 1040 EZ to account for the CIF payout. . .. A general rule of thumb is to increase prices by $55-$60 when the CIF payout is $50."

32.     In its 2010 instructions to franchisees, Liberty Tax explicitly told them to explain to customers that there was no down-side to the customer's receipt of CIF: "If they ask what the catch is, tell them there is no catch. If they remain unconvinced, jokingly say that you will be happy to keep the $50 if they don't want it. DON'T over-explain." (capitalization in original).

33.     Liberty Tax did not disclose any such price increases for CIF recipients to its customers, nor did it instruct its franchisees to do so.

V.     **CIF Customers Pay More Than Similarly Situated Non-CIF Customers.**

34.     Given the level of control Liberty Tax exercises over its franchisees, and the cash outlays Liberty Tax required its franchisees to incur, it is little surprise that those franchisees followed Liberty Tax's requirements and charged higher fees to CIF recipients.

35.     There are two factors that contribute to the increased charges paid by almost all CIF recipients. The first is the $55 - $71 increases directed by Liberty Tax in their instructions to franchisees discussed above, to increase charges for forms 1040, 1040A or 1040 EZ. (¶¶ 28-32). The second factor is the discounts that are given almost exclusively to non-CIF recipients.

36.     District consumers who received CIF almost always pay more for tax preparation *even when controlling for the forms* filled out by the Liberty Tax preparers.

37.     For instance, the most common tax form combination for Liberty Tax CIF recipients in the District is a simple return with only a 1040 and a W2. For this group of consumers, between 2014-2020, those receiving CIF paid on average $75 more in fees than those who did not for Liberty's tax preparation services.

38.     The second most common tax form combination consists of a grouping of five forms (the 1040, 1040 Schedule 8812, 1040 Schedule EIC, 8867 and W2). For this group of District consumers, between 2014-2020, those receiving CIF paid on average over $70 more than those who did not for Liberty's tax preparation services.

39.     This pattern holds true across all common form combinations, with the increases in fees paid by CIF recipients ranging from an average of approximately $67 to $126, depending upon the forms filed.

40.     The most disadvantaged residents paid even more. Specifically, for the population of tax filers who received the Earned Income Tax Credit, a credit aimed at tax filers with the

lowest-paying jobs, the average increase for CIF recipients ranged from $93 to over $200 depending on the forms filed.

41.     These added costs represent a large proportion of District consumers' payments to Liberty Tax. The average amount that Liberty franchisee customers in the District paid for tax preparation work from tax years 2014 through 2020 was $286.

42.     This deceptive practice also affected a large number of District residents, as the vast majority of District Liberty Tax consumers who are early filers receive CIF. One District franchisee location reports that up to 98% of its early filers obtain CIF. Liberty Tax provided over 12,000 CIF payments to District consumers from 2015 to 2021.

## COUNT ONE

### (Violations of the Consumer Protection Procedures Act)

43.     The District re-alleges and incorporates by reference paragraphs 1 through 42. The CPPA is a remedial statute that should be broadly construed. It establishes a right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia.

44.     Consumers obtain tax preparation services from Defendant for personal, household, or family purposes and, therefore, these services are consumer goods and services.

45.     Defendant, in the ordinary course of business, offers to sell or supply consumer goods and services and is therefore a merchant.

46.     Merchants who violate the CPPA may be subject to restitution, damages, civil penalties, temporary or permanent injunctions, the costs of the action, and reasonable attorneys' fees. D.C. Code § 28-3909.

47.     The CPPA prohibits any person from engaging in unfair and deceptive trade practices, including by,

a.     "misrepresent[ing] as to a material fact which has a tendency to mislead," D.C. Code §28-3904(e);

b.     "us[ing] innuendo or ambiguity as to a material fact, which has a tendency to mislead," D.C Code §28-3904(f-1); and

c.     "fail[ing] to state a material fact if such failure tends to mislead," D.C. Code § 28-3904(f).

48.     Defendant's representations, including its statements that CIF is a "perk" and that there is 'no catch' in exchange for the receipt of CIF, are misrepresentations of material facts that have the tendency to mislead consumers and are unlawful trade practices in violation of D.C. Code § 28-3904(e) or, alternatively, constitute ambiguities as to material facts that have the tendency to mislead consumers and are unlawful trade practices in violation of D.C. Code § 28-3904(f-1).

49.     Defendant's omissions, including its failure to disclose that consumers who receive CIF payments will usually end up paying more for Liberty Tax's tax preparation services than non-recipients, are omissions of material facts that mislead consumers and is an unlawful trade practice in violation of D.C. Code § 28-3904(f).

## PRAYER FOR RELIEF

WHEREFORE, the District of Columbia respectfully requests this Court enter a judgment in its favor and grant relief against Defendants as follows:

a)     Permanently enjoin Defendant's violations of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28–3901, *et seq.*;

b)      Order Defendant to pay restitution and damages pursuant to D.C. Code §§ 28–3909(a) and (b);

c)      Order the payment of civil penalties as permitted by statute pursuant to D.C. Code § 28–3909(b);

d)      Award the District the costs of this action and reasonable attorney's fees pursuant to § 28–3909(b); and

e)      Grant such further relief as the Court deems just and proper.

**Jury Demand**

The District of Columbia demands a trial by jury by the maximum number of jurors permitted by law.

Dated: September 21, 2022

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

KATHLEEN KONOPKA
Deputy Attorney General
Public Advocacy Division

_____s/_____
ADAM TEITELBAUM (#1015715)
Director, Office of Consumer Protection

_____s/_____
WENDY J. WEINBERG (# 445460)
Senior Assistant Attorney General
Office of Consumer Protection
Office of the Attorney General
400 Sixth Street, N.W., 10th Floor
Washington, D.C. 20001
(202) 724-1342
Wendy.Weinberg@dc.gov

Dated: September 21, 2022

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH

## INFORMATION SHEET

District of Columbia

Case Number: _____

vs

JTH TAX LLC d/b/a LIBERTY TAX
SERVICE
.

Date: _____

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)*<br>Wendy Weinberg | Relationship to Lawsuit |
|---|---|
| Firm Name:<br>DC Office of the Attorney General | ☒ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.:<br>202-717-1383                    445460 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:   ☐ Non-Jury         ☐ 6 Person Jury          ☒ 12 Person Jury

Demand: $_____                              Other: __injunctive relief_____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar#:_____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

### A. CONTRACTS                                    COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
    Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
    Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
    Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
    Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
    Under $25,000 Consent Denied

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☒ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
    Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
    Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

| s/ Wendy Weinberg | September 20, 2022 |
|---|---|
| Attorney's Signature | Date |

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

## District of Columbia

---
Plaintiff

vs.

Case Number _____

---
JTH TAX LLC,f/k/a JTH TAX, INC. d/b/a LIBERTY TAX SERVICE
---
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Wendy J. Weinberg
_____
Name of Plaintiff's Attorney

D.C. Office of the Attorney General
_____
Address
400 Sixth Street NW, 10th Floor, WDC 20001

202 - 717 - 1383
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오.     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
### Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

_____
Dirección

_____

_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
            Subsecretario

Fecha _____

如需翻译，请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]        Super. Ct. Civ. R. 4